IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLOTTE K. WHITFIELD, )
)
Plaintiff, )
vs. ) Case No. 08-2085-CM
)
BRUCE R. CLIPPINGER, et al., )
)
Defendants. )

**REPORT AND RECOMMENDATION**

This case comes before the court on the order of the undersigned U.S. Magistrate Judge, James P. O'Hara, for the pro se plaintiff, Charlotte K. Whitfield, to show cause why this case should not be dismissed for lack of prosecution under Fed. R. Civ. P. 41(b) **(doc. 85)**. Plaintiff has filed a response to the order to show cause (doc. 88).

Plaintiff filed her complaint against defendants, Bruce R. Clippinger and Jerome S. Bolin, on February 26, 2008. Before defendants filed a responsive pleading, plaintiff filed an amended complaint on May 27, 2008. Since that time, plaintiff has filed motions for extensions of time in response to nearly every deadline that has arisen in this case.[1] The court has warned plaintiff on multiple occasions that it is unfair to defendants to continuously delay these proceedings.[2] The court recognizes that some of the delays were likely caused

---

[1]*See* docs. 5, 20, 28, 33, 36, 39, 41, 44, 53, 69, 84.

[2]Doc. 37 ("The court is sympathetic to plaintiff's reasoning for his [sic] motion for extension of time. However, it is unfair to the opposing party to continue delaying the proceedings by granting multiple motions to continue filed by plaintiff."); doc. 85 at 1 ("[I]t would be unfair to defendants to leave this case pending without an end in sight."); *see also* doc. 64 at 1 ("The conference was convened because plaintiff and her lawyer generally have

by plaintiff's former counsel, John B. Gage, II,[3] but plaintiff has taken responsibility for many of the delays—both while she was represented by Mr. Gage and after.[4] Indeed, since the court permitted Mr. Gage to withdraw as plaintiff's attorney on March 17, 2009, plaintiff's pattern of taking no action in this case has continued.

On July 16, 2009, plaintiff informed the court by letter[5] that she would "not be able to appear" at a scheduling conference set for July 31, 2009. Plaintiff stated that she is afraid of defendant Bruce Clippinger and "cannot be near him." While plaintiff suggested that she could not "deal with the scheduling conference at this time," plaintiff did not suggest an alternative date for the conference or a plan for this case to proceed. The court therefore entered an order on July 17, 2009,[6] requiring plaintiff to show cause by August 7, 2009, why

---

made a terrible mess of this case.").

[3]*See* doc. 46 ("Unfortunately, the record shows a pattern of dilatory conduct by plaintiff's attorney, John B. Gage, II, not only in this case, but also in at least one other case in this court currently being handled by Mr. Gage (No. 07-2506-CM). The movant has fallen far short of demonstrating excusable neglect as concerns not meeting the previously granted extension. Nor has plaintiff shown good cause for the requested relief."); doc. 49 ("It has been reported that, in violation of the deadline set in the scheduling order, plaintiff's counsel has not yet made any settlement demand. It further appears that plaintiff has not timely responded to outstanding "written" discovery requests.").

[4]*See* doc. 64 at 2 ("Plaintiff essentially admitted that the failure to comply [with discovery requests] was her fault, not Mr. Gage's."); doc. 84 (stating that she could not appear at a scheduled conference and noting, "I have not been able to find another attorney. I have not had much time to look to be honest.").

[5]Doc. 84.

[6]Doc. 85.

this case should not be dismissed with prejudice for lack of prosecution.[7] The court noted that it was "giving plaintiff a longer-than-typical response time so that plaintiff will have a final opportunity to acquire legal counsel if she so desires."[8]

In plaintiff's response to the show cause order, plaintiff discussed a number of health issues that she is currently facing.[9] As the court has mentioned in previous orders, it is sympathetic to plaintiff's situation. The court has suggested various avenues that plaintiff could pursue in order to ensure that this case move forward.[10] It appears, however, that plaintiff has taken no steps to ensure the prosecution of this case. Nor does plaintiff suggest a future course of action that would prevent this case from simply sitting stagnant. Because plaintiff has provided no valid reason why this case should not be dismissed, pursuant to Fed. R. Civ. P. 41(b), the undersigned hereby recommends that the case be dismissed with prejudice.

---

[7]This was not the first time that plaintiff was warned about the possibility of dismissal for failure to prosecute. *See* doc. 81 at 1–2 ("If plaintiff fails to meet the June 25, 2009 deadline, the court will enter an order for her to show cause why her case should not be dismissed, with prejudice, for lack of prosecution under Fed. R. Civ. P. 41(b).").

[8]Doc. 85 at 2 n.2.

[9]Doc. 88.

[10]Doc. 64 at 2 n.1 (declining to dismiss the case but noting, "[A]s the court mentioned to plaintiff during the conference, if she is incapacitated, she might be well-served to consider seeking appointment of a conservator or administrator to deal with the logistics and details of this case."); doc. 85 at 2 n. 2 ("Plaintiff's response indicates that plaintiff plans to contact the Kansas Bar lawyer referral service for further help. The court is giving plaintiff a longer-than-typical response time so that plaintiff will have a final opportunity to acquire legal counsel if she so desires.").

Plaintiff is hereby informed that, within ten days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the ten-day period allowed if she wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Copies of this order shall be served on the pro se plaintiff by regular and certified mail.

Dated this 7th day of August, 2009, at Kansas City, Kansas.

s/James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge